# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Darrel Gustafson, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sandra Poitra, All Persons Unknown claiming any estate or interest in, or lien or encumbrance former Belcourt Lumber Yard adjacent to the One Stop Market, Turtle Mountain Tribal Court, and Bureau of Indian Affairs, | ) ) ) ) ) ) ) | Case No. 4:09-cv-016 |
| Defendants. | ) | |

_____

Before the Court is the Plaintiff's "Motion for Ex Parte Temporary Restraining Order" filed on April 8, 2009, and a request for a preliminary injunction. The Plaintiff seeks to enjoin and restrain the Defendants, and any person or entities acting in concert with or on behalf of the Defendants, from interfering with the Plaintiff's access to and possession of the following fee land located in Rolette County, North Dakota, within the Turtle Mountain Indian Reservation:

Parcel 1: That part of the NW1/4NW1/4, Section 29, Township 162 N., Range 70 W., 5th P.M., described as commencing at the common Section corners of Sections 19, 20, 29 and 30, Township 162 N., Range 70 W., thence South 89°58' East on the Section line between Sections 20 and 29 a distance of 1320.0 feet; thence south 0°04' East a distance of 530.0 feet to the South right of way line of State Highway No. 5 and 281 being the point of beginning; thence South 0°04' East a distance of 875.05 feet to the Southeast Corner of said NW1/4NW1/4; thence North 89°58' West a distance of 550.0 feet; thence North 0°04' West a distance of 510.05 feet to the south right of way line of State Highway No. 5 and 281; thence North 55°52' East a distance of 660.0 feet along the State Highway 5 and 281 right of way line back to the point of beginning, comprising 10.0 acres more or less.

Parcel 2: A parcel of land lying in the NW1/4NW1/4, Section 29, Township 162 N., Range 70 W. described as follows: Beginning at the SW Corner of said NW1/4NW1/4 thence East of forty-line to a point which is 550 feet West of the East line of said NW1/4NW1/4, thence North to the intersection with the South right-of-

way line of State Highway No. 5, thence Southwesterly along said highway right-of-way line to intersection with the West line of said NW1/4NW1/4, thence South on forty-line to said point of beginning, subject to all valid outstanding easements and rights-of-way of record.

(Parcel 1 and Parcel 2, taken together, are also known as that part of the NW1/4NW1/4 lying South of the Highway Right-of-Way of State Highway Number 5).

## I.   BACKGROUND

In December 1993, the United States Small Business Association took a mortgage on real property owned by Raymond Poitra. The real property is described above as Parcels 1 and 2. The mortgage was assigned to the plaintiff, Darrel Gustafson, in May 2005. In 2006, Gustafson commenced a foreclosure action in North Dakota state district court. The foreclosure action was duly noticed and published in accordance with North Dakota law. In August 2007, the state district court granted Gustafson's motion for summary judgment. In September 2007, final judgment was entered on the foreclosure action. Raymond Poitra appealed the state district court's judgment to the North Dakota Supreme Court. The North Dakota Supreme Court affirmed the judgment on August 28, 2008. See Gustafson v. Poitra, 755 N.W.2d 479 (N.D. 2008).

It is believed that at some point during the redemption period, defendant Sandra Poitra, the sister of Raymond Poitra, moved into a house located on the property. Sandra Poitra is an enrolled member of the Turtle Mountain Band of Chippewa Indians (Tribe). Sandra Poitra never appeared in the foreclosure action and has never been an owner of record of the property.

On November 17, 2008, Gustafson, who is not a member of the Turtle Mountain Band of Chippewa Indians, was issued a Sheriff's Deed for the property and, thus, became the owner of the property. On November 22, 2008, Gustafson served Sandra Poitra with a letter that notified her that

he is the owner of the property and provided her with a copy of the Sheriff's Deed.  In the letter, Gustafson's counsel informed Sandra Poitra that:

> Mr. Gustafson is willing to sell you the house for one dollar, <u>if</u> you move the house from the property.  If you do not want to move the house, you need to immediately vacate the house.  I would ask that you make immediate plans to vacate or move the house.  If you do not vacate or remove the house and all your personal property from the property by December 31, 2008, Mr. Gustafson will begin eviction proceedings.

When Sandra Poitra did not leave the property, Gustafson served her with a Notice to Quit and Vacate on January 24, 2009.  Sandra Poitra remained on the property.  On March 21, 2009, Gustafson served Sandra Poitra with a summons and complaint in North Dakota state district court.  On March 30, 2009, a hearing was scheduled before Judge Michael G. Sturdevant.  Sandra Poitra did not appear in person and did not file any pleadings in the action.

On March 30, 2009, Judge Sturdevant issued Findings of Fact, Conclusions of Law, and an Order for Judgment.  Judge Sturdevant concluded that Gustafson became the owner of the property on November 17, 2008, when he was issued the Sheriff's Deed, and that Sandra Poitra is "wrongfully in possession of the . . . property and has no permission to be on the property and has refused to surrender possession of the property."  Judge Sturdevant entered judgment in favor of Gustafson and issued a writ of eviction requiring Rolette County Sheriff Tony Sims to remove Sandra Poitra and her personal property from the property by 5:00 p.m. on April 3, 2009.  On April 1, 2009, Sheriff Sims attempted to serve the writ of eviction on Sandra Poitra but she refused service.

Sandra Poitra then filed a petition for a restraining order with the Turtle Mountain Tribal Court in which she argued that the Tribal Court has jurisdiction over her and non-members Gustafson and Sheriff Sims.  Sandra Poitra contended the house was gifted to her in 2003 and that she "is being harassed, tormented and under attack and therefore is begging the Turtle Mountain Tribal Court for

3

a Restraining Order to protect her from" Darrel Gustafson, Sheriff Sims, Gustafson's counsel, and the state district court. Poitra moved the Tribal Court to order Gustafson, Sheriff Sims, Gustafson's counsel, and the state district court "to cease and desist from serving state authorized processes on Tribal Lands."

On April 1, 2009, and despite the fact that no verified complaint had ever been filed by Sandra Poitra, the Turtle Mountain Tribal Court issued a temporary restraining order which restrained Gustafson and Sheriff Sims:

1. From any contact with [Sandra Poitra] or any member of [her] family or through any third party, for the purpose of bothering, annoying, or harassing [Poitra].

2. From making any telephone calls, e-mails, letters for the purpose [of] annoying [Sandra Poitra] or any member of [her] family, at [her] home or place of employment.

3. From any other action as directed from this court.

Gustafson and Sheriff Sims were ordered to appear before the Tribal Court on April 14, 2009, to show cause why the temporary restraining order should not be made permanent. The show cause hearing was rescheduled for April 23, 2009. The Tribal Court informed Gustafson and Sheriff Sims that violating the order may result in forty-five days in jail and/or a $500.00 fine. On April 2, 2009, Elmer J. Four Dance, a special agent with the Bureau of Indian Affairs, indicated the Bureau of Indian Affairs will not enforce the state court's writ of eviction.

On April 8, 2009, Gustafson filed a complaint in federal court in which he brought claims for declaratory judgment, injunctive relief, and a writ of assistance. Gustafson contends that as a non-member he is outside the criminal jurisdiction of the Turtle Mountain Tribal Court and cannot be imprisoned by the Tribe. Gustafson contends he is the owner of the property and is entitled to

4

exclusive possession of the property. Gustafson further contends the Defendants have interfered with his right to exclusive possession of his property by, among other things, "refusing to allow [him] possession of the property, ejecting [his] contractors from the property, refusing service from [the] Rolette County Sheriff, refusing to vacate the property," "taking legal action in Turtle Mountain Tribal Court," and "issuing an ex parte restraining order preventing [him] from contacting Defendant Sandra Poitra under threat of imprisonment and fine."

On April 15, 2009, the Court granted a temporary restraining order. <u>See</u> Docket No. 7. On April 30, 2009, as per an agreement of all the parties, the TRO was extended indefinitely until a show cause hearing was conducted and a written order issued. <u>See</u> Docket No. 22. A show cause hearing was held in Bismarck, North Dakota, on May 29, 2009.

## II.     **LEGAL DISCUSSION**

Darrel Gustafson seeks injunctive relief enjoining and restraining the Defendants from interfering with his access to and possession of the above-described real property. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, in determining whether a temporary restraining order or a preliminary injunction should be issued, the Court must look to the specific facts shown by an affidavit or verified complaint to determine whether immediate and irreparable injury, loss, or damage will result to the movant. <u>Wachovia Securities, L.L.C. v. Stanton</u>, 571 F. Supp. 2d 1014, 1031 (N.D. Iowa 2008). In determining whether a preliminary injunction should be issued, the Court is required to consider the factors set forth in <u>Dataphase Sys., Inc., v. C L Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981). The Court must consider "(1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the

balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest." Wachovia Securities, L.L.C., 571 F. Supp. 2d at 1032 (citing Dataphase Sys., Inc., 640 F.2d at 114).

It is well-established that the burden of establishing the necessity of a preliminary injunction is on the movant. Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "'No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction.'" Baker Elec. Co-op., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir. 1987)). The *Dataphase* factors were specifically addressed in the "Order Granting Ex Parte Restraining Order" issued on April 15, 2009. See Docket No. 7. The analysis of the *Dataphase* factors is incorporated by reference in this order.

At the show cause hearing on May 29, 2009, the Court was informed that Darrel Gustafson and Sandra Poitra had reached a settlement agreement. Poitra agreed to vacate the fee land in question. See Docket No. 41. Poitra has until June 15, 2009, to remove the house from the land and if the house is not removed by that date, Poitra has agreed she no longer has any right or claim to the house or to any improvements to the property. Gustafson has agreed to pay the costs for moving the house up to a maximum amount of $6,000. Poitra agreed that any court of competent jurisdiction may enter a quiet title judgment against her with respect to any claim or interest she may have to the subject property. The parties agreed that this Court will retain jurisdiction to enforce the terms of the settlement agreement. The parties further agreed that the Bureau of Indian Affairs should be dismissed from this action.

More important, the Court was informed that the Turtle Mountain Tribal Court has vacated or set aside the temporary restraining order that it erroneously issued against Gustafson on April 1, 2009, and which resulted in this action being filed in federal court. See Docket No. 32-3. There is presently no civil action pending in Tribal Court between Poitra and Gustafson. The underlying dispute which formed the basis for the federal court proceedings between Poitra and Gustafson has been resolved. Thus, there is no "case or controversy" before the federal court.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies. "'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

Gustafson filed this action for declaratory judgment and injunctive relief. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes federal courts to declare the rights of interested parties "[i]n a case of actual controversy." "'The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution.'" County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004) (quoting Carson v. Pierce, 719 F.2d 931, 933 (8th Cir. 1983)). "In general, an actual controversy is 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Diagnostic Unit Inmate Council v. Films Inc., 88 F.3d 651, 653 (8th Cir. 1996) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). "Because the test to determine the existence of a 'substantial controversy' is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993). "'When a case . . . no longer presents an actual, ongoing case or

7

controversy, the case is moot and the federal court no longer has jurisdiction to hear it.'" Hickman v. State of Mo., 144 F.3d 1141, 1142 (8th Cir. 1998) (quoting Marine Equip. Mgmt. Co., 4 F.3d at 646).

There may have been an actual, ongoing case or controversy when this action was filed to determine whether the Turtle Mountain Tribal Court had jurisdiction to issue a temporary restraining order against Gustafson, the case did not remain alive once the Turtle Mountain Tribal Court set aside the temporary restraining order on April 28, 2009. See Docket No. 32-3.

The brothers of Sandra Poitra (Raymond Poitra and Linus Poitra) have recently initiated another lawsuit, i.e., a quiet title action, in the Turtle Mountain Tribal Court against Darrel Gustafson and others. The Poitra brothers do not own the land as it was allegedly "gifted" to their sister, Sandra Poitra, in 2003 and has been foreclosed on since that time. The Poitra brothers are not parties to this dispute. Unfortunately, it is abundantly clear that the long-standing, multiple disputes between the Poitras and Darrel Gustafson will never end. The most recent lawsuit filed against Gustafson in tribal court is now added to a litany of other lawsuits and claims already filed in that forum. Hopefully, common sense will one day intervene and the chaos will end. Nevertheless, the current dispute in federal court has been resolved between the named parties. The Court *sua sponte* orders a dismissal of the case under the circumstances.[1]

---

[1] The prevailing view is that judgment may be granted in favor of a non-moving party or *sua sponte* by the court. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); Boyle v. Anderson, 849 F. Supp. 1307, 1309 (D. Minn. 1994); see generally 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 2720 (3d ed. 1998).

Dated this 17th day of June, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court